UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DAVENPORT,                                Case No: 25-mc-51500
                                                             Hon. F. Kay Behm
             *Petitioner*                         U.S. District Judge

_____/

**ORDER DISMISSING MISCELLANEOUS CASE FOR LACK OF
SUBJECT MATTER JURISDICTION**

On December 22, 2025, Petitioner Romaine Kritini Davenport (or perhaps the "Romaine Kritini Davenport Estate") filed what they style a "Praecipe to the Clerk." ECF No. 1. This lengthy document is difficult to parse, but as best the court can tell, they eventually intend to seek some kind of declaration or judgment regarding their "rights and inheritance as [an] aboriginal Moor/Indian Virginian national[] and Subject[] of the Al Maroc/Shereefian Empire, but 'not' a citizen of the United States," and distribution of funds or other property of some kind to their "estate" as a consequence of that "inheritance," among other things. *See* ECF No. 1, PageID.2, 6, 8. However, for reasons that are obscured by the abstruse language used throughout the petition, Davenport also does not appear to be asserting a present cause of

1

action: petitioner instead merely "expects to be a real party in interest to an action, . . . but cannot presently bring it or cause it to be brought to be adjudicated." ECF No. 1, PageID.1. The relief Davenport actually seems to seek in this filing is to simply "lodge on special deposit" these various documents for some future use in that undefined action. *Id.*

A district court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–537, 94 S.Ct. 1372 (1974)); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

Davenport's petition, whatever the exact relief sought, bears all the hallmarks of so-called "sovereign citizen" theories.[1] "Sovereign

---

[1] One example, merely to make the point: Petitioner claims she is a member of the "aboriginal People called Muurs/Moors for whom the Our Creator made stewards over this land, North, Central and South Americas and gave as an inheritance, never to be sold permanently *(jus soli, jus sanguineus)*. (according to Numbers 36:9 and Ezekiel 11:15, and Leviticus 25:23)[.]" ECF No. 1, PageID.6.

2

citizens believe that they are exempt from the jurisdiction of any legitimate court—state or federal—and often file legal documents to 'free themselves from the yoke of federal citizenship.'" *Powell v. Michigan*, No. 22-10816, 2023 U.S. Dist. LEXIS 29740, at *4 (E.D. Mich. Jan. 24, 2023) (quoting *United States v. Cook*, No. 3:18-CR-00019, 2019 U.S. Dist. LEXIS 108991, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019)) (second quoting citation omitted). "Sovereign citizen" arguments and related documentation have long been recognized as meritless. *Noles v. IRS*, No. 22-6064, 2023 U.S. App. LEXIS 18997, at *3 (6th Cir. July 25, 2023). Such claims are patently frivolous and are properly dismissed for lack of subject-matter jurisdiction. *Jackson v. United States*, No. 25-1530, 2025 LX 447094, at *3 (6th Cir. Nov. 6, 2025). This same Petitioner appears to have made such arguments previously, possibly regarding the same property or subjects; those claims were dismissed by the district court and Sixth Circuit Court of Appeals. *See Houston v. Garland*, No. 2:22-cv-13036, 2023 U.S. Dist. LEXIS 76337, at *10 (E.D. Mich. May 2, 2023) (plaintiffs, including the "Romaine Kristini Davenport Trust" sought a declaration of various rights that they claimed to possess as Moors), *aff'd* No. 23-1530, 2024

U.S. App. LEXIS 2098, at *5 (6th Cir. Jan. 26, 2024) (dismissing claims as "thoroughly frivolous"). While the court must read *pro se* complaints liberally, on careful review the court identified no claim invoking this court's jurisdiction. The vast majority of the documents attached to this "petition" (the second page onward) are identified by Petitioner as exhibits and thus do not themselves appear to seek specific relief from this court. *See* ECF No. 1, PageID.2-97. As far as Petitioner appears to simply want to place these documents on file with the court for a future case or controversy, Petitioner offers no authority for invoking this court's jurisdiction in that manner. *See Tennial v. Bank of Am., N.A.*, No. 17-6377, 2020 U.S. App. LEXIS 12009, at *2 (6th Cir. Apr. 15, 2020) (the party asserting federal subject matter jurisdiction has the burden to establish it). As far as the documents might be construed to in fact seek some action from this court, they do not clearly state a cause of action (Fed. R. Civ. P. 8) and, to the extent any cause of action might be very liberally construed, are based on patently frivolous theories of relief that do not successfully invoke this court's jurisdiction.

    The petition (ECF No. 1) is therefore **DISMISSED** for lack of subject matter jurisdiction. A separate order of judgment will follow.

**SO ORDERED**.

Date: January 5, 2026                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge